The BULL'S CORNER RESTAURANT, INC., Plaintiff-Appellant,

v.

The DIRECTOR OF the FEDERAL EMERGENCY MANAGEMENT AGENCY, Defendant-Appellee.

No. 84–3672
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 6, 1985.

Clement F. Perschall, Jr., New Orleans, La., for plaintiff-appellant.

John P. Volz, U.S. Atty., P. Kevin Colomb, Asst. U.S. Atty., New Orleans, La., Susan K. Bank, Fed. Emergency Management Agcy., Washington, D.C., for defendant-appellee.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant brought this action to recover under a flood insurance policy issued pursuant to the National Flood Insurance Act. Appellant alleged that its business premises had sustained damage from flooding on February 5, 1983, and on April 7, 1983. The parties settled the February 5 claim and agreed to submit all evidence on the April 7 claim to the district court in documentary form.

The district court held that appellant was not entitled to insurance recovery for damage which occurred on April 7. The court noted that heavy rains did in fact fall in the New Orleans area on April 6–7. The court found, however, that in appellant's neighborhood only his property and the property next door suffered any water entry. Several disinterested witnesses testified that his street, Decatur, was not submerged in

water. In addition, the court found that a drain in a low area of the restaurant was clogged with trash and when two employees unclogged the drain, the water began to recede. The court concluded that the damage was not the result of flooding within the meaning of the insurance policy. Appellant timely served a motion for a new trial as required by Fed.R.Civ.P. 59(b). It was denied. Appellant then filed timely notice of appeal.

■ The National Flood Insurance Act empowers the Director of the Federal Emergency Management Agency to issue regulations defining "the nature and limits of loss or damage ... which may be covered by [flood] insurance." 42 U.S.C. § 4013(a)(2). The Director has accordingly defined "flood" or "flooding" as

(a) A general and temporary condition of partial or complete inundation of normally dry land areas from:

(1) The overflow of inland or tidal waters.

(2) The unusual and rapid accumulation or runoff of surface waters from any source.

(3) Mudslides....

44 C.F.R. § 59.1 (1984). Appellant's insurance policy contained this definition. It also contained a provision excluding from coverage

water, moisture or mudslide ... damage of any kind resulting primarily from conditions, causes or occurrences which are solely related to the described premises or are within the control of the insured (including but not limited to design, structural or mechanical defects, failures, stoppages or breakages of water or sewer lines, drains, pumps, fixtures, or equipment) or any condition which causes flooding which is substantially confined to the described premises or properties immediately adjacent thereto ....

The district court relied upon the above exclusion and the definition of "flooding" in ruling against appellant. Federal law governs the construction of these provisions. *Mason Drug Co. v. Harris,* 597 F.2d 886, 887 (5th Cir.1979); *West v. Har-*

*ris,* 573 F.2d 873, 881 (5th Cir.1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979).

■ As an initial matter, appellant argues that appellee waived any right to rely on the exclusion by failing to plead it in his answer. We do not agree. This Court has stated, "Where [an affirmative defense] is raised in the trial court in a manner that does not result in unfair surprise, ... technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chemical Corp. v. Mackay,* 695 F.2d 854, 855 (5th Cir.1983); *see also Dickinson v. Auto Center Mfg. Co.,* 733 F.2d 1092, 1097 (5th Cir.1983). The Director in the instant case pleaded as an affirmative defense that "[p]laintiff's alleged damage was not the result of a general condition of flooding as is required under the provisions of the standard flood insurance policy." This pleading can be taken as involving the exclusion at issue because that exclusion in part defines "general condition of flooding" by excluding coverage where only the covered premises or property immediately adjacent thereto suffer damage. Furthermore, the Director stated in his answer that he had denied appellant's claim pursuant to Article III(A)(3) of the policy, which is the exclusion at issue. Appellant's complaint also cited the exclusion, and appellant discussed the exclusion in its trial memorandum. Finally, appellant did not raise the Rule 8(c) issue in its motion for a new trial. Appellant plainly was not a victim of unfair surprise.

■ Appellant raises various challenges to the district court's findings of fact. Those findings are subject to the "clearly erroneous" standard of Fed.R.Civ.P. 52(a). We have noted, however, that "the degree of deference to be accorded a district court's findings of fact is lower when the case is submitted wholly on documents than in the situation where the evidence is presented by witnesses appearing before the district court." *Onaway Transportation Co. v. Offshore Tugs, Inc.,* 695 F.2d 197, 200 (5th Cir.1983). Nevertheless, this Court is bound by Rule 52(a) and can overturn findings of fact only if a review of

"the entire evidence" leaves the Court with "the definite and firm conviction that a mistake has been committed." *Id.* (quoting *McAllister v. United States,* 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20 (1954).

■ Appellant first challenges the district court's determination that other residents of the area near its premises did not experience flooding. Appellant argues that the witnesses so testifying were unable to describe the conditions "during the time period in question, that is around 3:00 A.M. and 4:00 A.M." Appellant urges that this was the time when the heaviest rainfall occurred.

The district court's finding was not clearly erroneous. Five persons who live or work close to appellant restaurant stated in their stipulated testimony that neither they nor anybody they knew, except appellant, suffered water entry or damage during the night in question. These witnesses observed conditions at various times during the night and none saw any significant amount of standing water. There was some draining water in the street, but it did not spill over the curbs and it drained off by the morning. The fact that none of these witnesses described the exact conditions at precisely 3:00 or 4:00 a.m. in no way undermines the court's finding. The burden of proof was on appellant to establish that there had been general flooding at that time. Instead, the evidence shows that there was no standing water shortly afterward and other premises did not have water entry. The testimony to the contrary supported the court's conclusion.

Appellant also claims that the district court should have accepted the contrary testimony of three of its witnesses. Those witnesses all stated that they observed standing water in the street the next morning. Appellant's witnesses did not, however, state that any other buildings had been flooded, except the one adjacent to appellant. To the extent that their testimony conflicted with that of appellee's witnesses, the district court did not commit clear error by accepting the latter.

Appellant next claims that the court should not have credited the testimony of two of its employees, both of whom stated that the clogged drain caused flooding in the restaurant. Appellant relies on the records of a security systems company to show that the restaurant was closed between 11:07 p.m. on April 6 and 8:18 a.m. on April 7. Appellant thus argues that its employees could not have been in the restaurant during those times.

The above evidence is not inconsistent with the employees' testimony. Neither employee stated that he was in the restaurant during those times. One stated he was there "at various times" on April 6, 7, and 8. The other stated that he was fighting the water and cleaning up until "early in the morning". He did not say what morning and may have meant the morning of April 8 rather than April 7. The possibility that these employees were fighting the water and discovered the clogged drain after 8:00 a.m. on April 7 is consistent with the testimony of appellant's majority shareholder, who stated that the restaurant was flooded when he arrived between 8:00 and 9:00 a.m. on April 7. No clear error is shown in the district court crediting the testimony of the two employee witnesses.

Appellant also argues that the district court improperly ignored evidence that the New Orleans area experienced a record amount of rain on April 6 and 7 and that other localities in New Orleans had some flooding. Appellant points to various newspaper stories to this effect and contends that a general condition of flooding did exist.

Appellee argues that the district court properly examined appellant's immediate geographical area rather than the whole New Orleans area in determining whether flooding occurred. We find no error in the district court's approach. It is obvious that uniform amounts of rain do not fall over an area the size of New Orleans. But even if they did, differences in topography create wide differences in flooding potential. Within appellant's neighborhood, only appellant's property and one adjacent property suffered water entry. The policy plainly does not provide coverage under such circumstances. *See e.g., Segal v. Great American Ins. Co.,* 390 F.Supp. 1074, 1076

(E.D.N.Y.1974); *Mason v. National Flood Ins. Ass'n,* 361 F.Supp. 939, 942 (D.Haw. 1973).

Finally, even assuming that flooding within the meaning of the policy did occur, the district court correctly applied the exclusion. Because only one adjacent property experienced water entry, the court properly concluded that the damage resulted primarily from a condition solely related to appellant's premises and within appellant's control. The district court did not commit clear error in finding that appellant would not have suffered damage had the drain not been clogged. The decision of the district court is

AFFIRMED.