781 F.2d 1146
 4 Fed.R.Serv.3d 894
 Patricia Anne McFARLAND, Individually and as Administratrix
and Natural Tutrix of the Persons and Estates of Raymond
Carl Pyatt, Gregory Patrick Pyatt, and Steven Christipher
Pyatt, Minors, the Natural Children of Samuel Andrew Pyatt,
Jr., Deceased, Plaintiff-Appellee,
Travelers Insurance Co., Intervenor-Appellee,
v.
T.E. MERCER TRUCKING CO., Defendant-Appellant.
 No. 85-2470
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 5, 1986.
 Vial, Hamilton, Koch & Knox, Newton J. Jones, Dallas, Tex., for defendant-appellant.
 Nichols & Parker, Tommy Allison, Longview, Tex., for McFarland, et al.
 Mike A. Hatchell, Tyler, Tex., for intervenor-appellee Travelers Ins. co.
 Appeal from the United States District Court for the Eastern District of Texas.
 Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.
 OPINION
 CLARK, Chief Judge:
 
 
 1
 Patricia Anne McFarland, wife of the decedent, brought this action against T.E. Mercer Trucking Company for negligently causing the death of the decedent. Travelers Insurance Company, the Workers' Compensation carrier for the decedent's employer, was granted leave to intervene in the action. The case was tried in the district court without a jury. The district court entered judgment for the plaintiffs in the amount of $1,065,211.00. T.E. Mercer appeals the district court's findings that neither decedent nor the drilling contractor, Paramount Drilling Company, was negligent. We affirm.
 
 
 2
 * T.E. Mercer Trucking Company, a Texas corporation, entered into a contract with the May Petroleum Company for the shipment of two truck loads of oil field casing pipe from the T.E. Mercer Trucking Company pipe storage yard in Lone Star, Texas, to a drilling site near Gin City, Arkansas.
 
 
 3
 On October 7, 1977, the two truck loads of oil field pipe were delivered to the drilling site. The first load was unloaded without incident by the Paramount Drilling Company crew. The second truck was positioned for unloading under the instructions of Merle Knight, who, as the toolpusher, was the supervisory head of the Paramount drilling crew. Charles Powdrill, the on-site driller, was second in authority to Knight.
 
 
 4
 The Paramount crew made two attempts to release the chains securing the load but both times was unable to remove the last chain because of a shifting or spreading of the pipe which caused the chain to bind itself. Knight then made the decision to cut the final chain rather than to send the truck back to the pipe yard. He asked Samuel Pyatt, the decedent, to cut the tight pipe chain from underneath the trailer. Pyatt, an experienced welder, stated he had cut many such chains before.
 
 
 5
 According the Powdrill's testimony, he instructed Pyatt not to come out from underneath the trailer until he informed Pyatt that it was safe to come out.[1] Both Knight and Powdrill expected the casing pipe to roll off the left side of the trailer bed and onto the pipe rack.
 
 
 6
 Pyatt successfully cut the final chain. At this point, the pyramid of pipe began to crumble and a portion of the load exited the left side of the bed onto the pipe rack. After a short period of time the sound of pipe falling subsided. During this brief period of quiet, the exact duration of which is disputed by the parties but which in no event lasted more than thirty seconds, Pyatt attempted to crawl out the right side of the trailer bed, although Powdrill had not told him to do so. As he was exiting, a section of pipe rolled off the right side of the bed and struck him. Immediately thereafter, twelve more sections fell on Pyatt, killing him instantly.
 
 
 7
 The district court found that there were at least two stays staked on the right side of the trailer bed to prevent pipe from rolling off that side. The court also found that either these stays gave way under the pressure of the load or a section of pipe fell from near the top of the pyramid and broke the stays. In any event, the court concluded that the accidental roll off of the casing pipe on the right side of the trailer was the result of the pipe having been improperly loaded by employees of T.E. Mercer and the inadequacy of the stays to withstand pressure. These findings are not challenged on appeal.
 
 
 8
 The district court also found no negligence on the part of Pyatt or the Paramount Drilling Company. The court's finding was based primarily on its determination that there was no reason for Pyatt, Powdrill or Knight to believe that the pipe would roll off the right side. The court also apparently believed that Pyatt reasonably could have concluded from the brief silence following the initial roll off that at least the top rows of pipe had fallen off and that therefore any danger had passed. Appellant argues that the district court's findings in this regard are clearly erroneous and that both Pyatt and Paramount Drilling were negligent as a matter of law.
 
 II
 
 9
 A preliminary issue concerns the standard of review to be applied in this case. All testimony relevant to liability was in the form of depositions. This circuit has held that, although the district court's findings of fact may only be set aside if clearly erroneous, "the degree of deference to be accorded a district court's findings of fact is lower when the case is submitted wholly on documents than in the situation where the evidence is presented by witnesses appearing before the district court." Bull's Corner Restaurant v. Director of Fed. Emergency Management Agency, 759 F.2d 500, 502 (5th Cir.1985) (quoting Onaway Transp. Co. v. Offshore Tugs, Inc., 695 F.2d 197, 200 (5th Cir.1983)).
 
 
 10
 However, these cases antedate the 1985 amendment to Fed.R.Civ.P. 52(a). The rule now states that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a) (emphasized words added by amendment, effective August 1, 1985). The commentary to this amendment clearly indicates that it is intended to abrogate the "documentary evidence exception."
 
 
 11
 Appellant argues that, although the "clearly erroneous" standard applies in this case, the reviewing court need be less deferential because Rule 52(a)'s requirement that "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses" is inapplicable. Appellant's position, however, is essentially identical to that adopted by this circuit before the 1985 amendment. The commentary, however, discusses the considerations underlying both the decisions of those circuits which failed entirely to apply the clearly erroneous standard to findings based on purely documentary evidence and the decisions of those circuits which did apply the clearly erroneous standard, but less deferentially, to such findings. The concluding commentary makes it clear that the 1985 amendment was intended to overrule both versions of the documentary evidence exception:
 
 
 12
 These considerations are outweighed by the public interest in the stability and judicial economy that would be prompted by recognizing that the trial court, not the appellant tribunal, should be the finder of facts. To permit courts of appeals to share more actively in the fact-finding function would tend to undermine the legitimacy of the district courts in the eyes of litigants, multiply appeals by encouraging appellate retrial of some factual issues, and needlessly reallocate judicial authority.
 
 
 13
 The findings of fact by the trial court based on deposition evidence are entitled to the same standard of review that they would receive if based on oral, in-court testimony. They must be upheld unless they are clearly erroneous.
 
 III
 
 14
 Appellant argues that Pyatt was negligent as a matter of law for emerging from underneath the trailer before Powdrill told him to. Appellant argues that the evidence shows that Pyatt waited only 2-5 seconds after the initial roll off of pipes to the left before exiting from underneath the trailer. Appellees, on the other hand, state that there was evidence from which the district court could have concluded that Pyatt waited as long as 30 seconds before coming out.
 
 
 15
 These contentions largely miss the point.[2] The district court found that Pyatt had no reason to believe that the pipes would fall off to the right. Thus, even if Pyatt had exited while pipes were rolling off to the left the district court would have found no negligence.
 
 
 16
 It is true that there is evidence against the district court's conclusion. The fact that Pyatt got underneath the trailer in the first place, coupled with the fact that Powdrill told Pyatt not to come out until he told him to, suggests that those present were aware of some danger of spillage on the right side. Furthermore, they were clearly aware that the pipes had been improperly loaded and this in itself might suggest to a person of ordinary prudence that additional caution be used.
 
 
 17
 On the other hand, both Knight and Powdrill testified that they did not expect the pipes to roll off to the right. Knight stated that everyone present expected the pipes to roll to the left. He also testified that he had never seen pipes roll off the wrong side of the trailer before. Indeed, Knight was standing on the right side of the trailer at the time Pyatt lit his torch and if someone had not called him to check something, he would have been there when the pipes came off.
 
 
 18
 In the light of this testimony we cannot say that the district court's finding that there was no reason to fear a roll off to the right was clearly erroneous. For the same reason the district court did not clearly err in finding no negligence in Paramount Drilling's failure to take more precautions since its employees had no reason to fear a roll off.
 
 IV
 
 19
 Appellant argues that the district court erred in applying Texas law to this case and asserts that Louisiana law should govern this action. However, appellant points to no actual conflict between Texas law and Louisiana law on an issue relevant to this case. The difference between the Texas rule of comparative negligence and the Louisiana rule of contributory negligence is irrelevant in light of the district court's finding, upheld here, that Pyatt was not negligent at all. Therefore, there is no merit to appellant's contention.
 
 V
 
 20
 Finding that the district court did not clearly err in determining that neither the decedent nor Paramount Drilling was negligent, we affirm the district court's judgment in all respects.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 The district court apparently accepted this testimony because it stated, in its findings of fact, that Pyatt "acted reasonably in crawling out from under the trailer at the time he did despite the fact that Charles Powdrill had not told him to come out."
 
 
 [2]
 Indeed, the district court made no finding as to the amount of time that elapsed before Pyatt emerged