**UNITED STATES of America, Plaintiff,**

**v.**

**REAL PROPERTY KNOWN AS 19026 OAKMONT SOUTH DRIVE, LOCATED IN SOUTH BEND, INDIANA, SAINT JOSEPH COUNTY; Real Property Known as 2304 Byerley Court, Located in Mishawaka, Indiana, Saint Joseph County; Two (2) Fifty Thousand Dollar Promissory Notes (Executed March 10, 1986 and March 17, 1986) Between Pan–Par Electric, Inc., and Phyllis Nedderman, Defendants.**

Civ. No. S 88–47.

United States District Court,
N.D. Indiana,
South Bend Division.

June 16, 1989.

Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for plaintiff.

William P. Stanley and Michael Scopelitis, South Bend, Ind., Joseph R. Lopez, Chicago, Ill., and Joseph Banasiak, Hammond, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Defendant-claimant Phyllis Nedderman timely filed her "Motion to Alter and Amend Judgment" pursuant to Rule 59(e), Fed.R.Civ.P., on April 14, 1989, three days after judgment was entered in favor of plaintiff United States of America on its summary judgment motion. For purposes of building a complete record, this court held a hearing in open court on the Rule 59(e) motion on May 8, 1989, and held a further evidentiary hearing on May 16, 1989. Both parties have filed supplemental briefs in support of their respective positions and this court is now prepared to rule on the "Motion to Alter and Amend Judgment."

### I.

Plaintiff originally filed this forfeiture action pursuant to 21 U.S.C. § 881(a)(6) and (a)(7) on January 26, 1988. On that same day, this court found that there was probable cause to institute forfeiture proceedings against the property in question and directed that arrest warrants *in rem* be issued for seizure of the property. On February 29, 1988, Phyllis and Jeffrey Nedderman filed individual claims to the property and on March 21 1988, they filed answers to the complaint for forfeiture.[1] The United States filed a Motion for Summary Judgment on October 4, 1988. On November 23, 1988, plaintiff requested that the matter be referred to the United States Magistrate for a Report and Recommendation. This court granted the request and Magistrate Pierce issued a Report and Recommendation on January 24, 1989. Claimant Phyllis Nedderman filed an Objection to the Report and Recommendation, in which she argued that she was and is an "innocent owner" protected from forfeiture proceedings by 21 U.S.C. § 881(a)(7).[2] This

---

1. The other original claimant, Jeffrey Nedderman, is currently incarcerated on a drug-related charge. He is no longer involved in this civil suit as a claimant because he failed to object to

Magistrate Pierce's Report and Recommendation.

2. That section is set forth below:
   (a) Property Interest

affirmative defense of innocent ownership was not set forth in her Answer nor was it mentioned in her response to the summary judgment motion. It was first alleged in her Objection to the Magistrate's Report and Recommendation. However, the objection contained no supporting affidavit or any other evidence to sustain the defense. In fact, before she filed the objection, Ms. Nedderman had refused to answer interrogatories or respond in any meaningful way to the summary judgment motion. Her refusal was based on Fifth Amendment self-incrimination grounds.

This court adopted the Magistrate's Report and Recommendation in its entirety when it granted plaintiff's "Motion for Summary Judgment" on March 31, 1989. In the "Memorandum and Order" signed by this Judge on that date, it was explained that Ms. Nedderman's repeated assertions of her Fifth Amendment privilege could not be used as a "substitute for evidence that would assist in meeting [her] burden of production." *United States v. Rylander*, 460 U.S. 752, 758, 103 S.Ct. 1548, 1553, 75 L.Ed.2d 521 (1983). Because Ms. Nedderman failed to meet her burden of demonstrating by a preponderance of the evidence that the property was not subject to forfeiture, plaintiff's "Motion for Summary Judgment" was granted and all the defendant properties were forfeited to plaintiff.

Ms. Nedderman then filed a Rule 59(e) motion, accompanied by an affidavit which asserted that she had no knowledge of her husband's drug dealings. She claimed that, although she knew her husband had some unusually large sums of cash at various times, she thought the money was obtained through gambling. The affidavit represented the first attempt by Ms. Nedderman to submit evidence to support her claim. The Rule 59(e) motion pertained *only* to Ms. Nedderman's residence located at 19026 Oakmont South Drive, South Bend, Indiana. She did not ask this court to alter its judgment as to any of the other defendant properties. Therefore, the judgment stands as to all other forfeited properties. This court, in an act of extreme generosity taken only because the property involved was the actual residence of the sixty-eight-year old Ms. Nedderman, scheduled a hearing on the Rule 59(e) motion and then, at that hearing scheduled a further evidentiary hearing on the same subject. As noted above, the parties were also given the opportunity to submit supplemental briefs which they have now filed.

## II.

This court perceives the issues as follows:

1. Was the affirmative defense of innocent ownership timely asserted so as to avoid the waiver of such defense?

2. If so, does this court have the discretion to consider evidence offered for the first time on a Rule 59(e) motion when such evidence was available at all times throughout the proceedings?

3. If the evidence and the affirmative defense are properly before the court, has Ms. Nedderman met her burden of demonstrating that a genuine material issue of fact exists so as to preclude summary judgment in favor of plaintiff as to the Oakmont South Drive residence?

These issues are discussed separately below.

### 1. *Affirmative defense issue*

█ The affirmative defense of innocent ownership was raised for the very first time in Ms. Nedderman's objection to Magistrate Pierce's Report and Recommendation. It had not been raised either in her

---

The following shall be subject to forfeiture to the United States and no property right shall exist in them: ...

(7) All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, *except that no property shall be forfeited* under this paragraph, *to the extent of an interest of an owner, by reason of any act* or omission *established by that owner to have been committed* or omitted *without the knowledge or consent of that owner.* (emphasis added)

Answer or her Response to Summary Judgment. Plaintiff suggested at the hearing on May 8, 1989 that the failure to raise this defense in the initial pleadings precluded Ms. Nedderman's right to raise it so late in the proceedings. This court disagrees with plaintiff's assertion. Although as a general matter, failure to plead an affirmative defense results in a waiver of that defense, where an affirmative defense is raised in a manner that does not result in unfair prejudice to the plaintiff, technical failure to comply precisely with the applicable pleading rule (Rule 8(c), Fed.R.Civ.P.) is not fatal. *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir.1987); *Bull's Corner Restaurant, Inc. v. Director of Federal Emergency Management Agency*, 759 F.2d 500, 502 (5th Cir.1985). Plaintiff was not prejudiced by Ms. Nedderman's tardy assertion of the innocent ownership defense as plaintiff has been afforded ample opportunity to argue against it. The defense therefore was not waived.

*2. Rule 59(e) motion*

■ Closely related to the affirmative defense issue is the question whether this court can consider evidence offered in support of that defense *after* a final judgment was entered. The general rule regarding evidence offered for the first time on a Rule 59(e) motion is that, if such evidence was available before final judgment was entered, the court should not consider it on a Rule 59(e) motion. *Rothwell Cotton Co. v. Rosenthal Co.*, 827 F.2d 246, 251 (7th Cir.1987); *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656 (N.D.Ill.1976), *aff'd*, 736 F.2d 388 (7th Cir. 1984). The question then becomes, does the district court have *discretion* to consider evidence offered for the first time on a Rule 59(e) motion, when such evidence was readily available at all times previous to entry of the final judgment? This court believes that it does. The decision to alter or amend judgment is committed to the sound discretion of the district judge. *American Home Assurance Company v. Glenn Estess & Associates*, 763 F.2d 1237, 1238–1239 (11th Cir.1985); *McCarthy v.*

*Manson*, 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980). Such discretion is limited, however, by the compelling public interest in the doctrine of the finality of litigation. Therefore, evidence that was readily available prior to entry of final judgment should only be considered in very limited circumstances. Some courts have suggested that a Rule 59(e) motion can always be considered to "prevent manifest injustice." *Natural Resources Defense Council v. U.S. E.P.A.*, 705 F.Supp. 698, 702 (D.D.C. 1989); *Kalman v. Berlyn Corp.*, 706 F.Supp. 970 (D.Mass.1989). There are two reasons this court decided to consider the evidence offered by Ms. Nedderman on her innocent ownership defense. First, the dispute centers around her home. The other property has all been forfeited. If another type of asset, for instance, cash or a car, were involved, the Rule 59(e) motion would have been denied immediately because the evidence offered was not "new". However, because a personal residence is involved, this court felt an evidentiary hearing was justified to give Ms. Nedderman every opportunity to protect her home.

The second reason this court has been unusually generous in considering this motion is because it is evident from the record that past strategic mistakes of previous counsel for Ms. Nedderman resulted in her failure to offer the "innocent owner" evidence in her Answer or Response to Summary Judgment. Normally, Ms. Nedderman's only remedy against her counsel's mistakes would be a malpractice action. But again, because her home is involved, such remedy does not seem quite adequate.

For these reasons, Ms. Nedderman was given "one more bite at the apple" when this court set the evidentiary hearing and took the parties' supplemental briefs. Again, it must be stressed that evidence offered for the first time on a Rule 59(e) motion which was available previously, will not normally be considered. Only in very unusual circumstances will this court use its discretion to consider such evidence to prevent a possible unjust result.

### 3. Should summary judgment in favor of plaintiff be vacated?

 The "innocent owner" defense is set forth in 21 U.S.C. § 881(a)(7). *See,* note 2, *supra.* In her affidavit, which was filed as evidence to support her Rule 59(e) motion, Ms. Nedderman stated that she never *knew* that her husband was dealing drugs.[3] She claims that she knew that her husband had, at various times, large sums of cash despite his lack of income, but she claims that she thought the cash represented gambling winnings as Mr. Nedderman often played cards. She also claimed that she never saw narcotics at any time while she was married to Mr. Nedderman. Her affidavit also contained the following excerpt:

> Harold never informed me that he had paid the balance of the mortgage. I did not learn that the mortgage had been paid until his death. Harold never showed me the release or any other documents in relation to the final payoff of the mortgage. Harold was responsible for the mortgage and other household expenses.

Ms. Nedderman testified at the evidentiary hearing. This court found her testimony completely incredible. An especially good example of this arose with regard to her claim that she did not know the mortgage had been paid off. Yet, under oath, she identified the handwriting on a copy of a check, properly introduced into evidence, as her own. That check was written to Waterfield Mortgage and was in the amount of $14,744.19. All written parts of the check were in Ms. Nedderman's handwriting. It was obviously not just another house payment. Also, the government put two witnesses on the stand (who had been separated prior to testifying) who stated under oath that they had seen or used cocaine at Harold Nedderman's residence and that Ms. Nedderman had been on the premises at the time. One witness stated that she was in the same room in which he viewed the cocaine. The testimony at the evidentiary hearing coupled with the observation this court made when it ruled on the summary judgment motion that Ms. Nedderman's innocent ownership argument is "virtually impossible to believe in light of all the circumstances" can only lead this court to the conclusion that Phyllis Nedderman has not given this court cause to vacate its judgment that 19026 Oakmont South Drive, South Bend, Indiana must be forfeited to the plaintiff, United States of America.

Ms. Nedderman's Rule 59(e) motion is therefore DENIED. The judgment in this case entered on April 11, 1989 stands.

IT IS SO ORDERED.

---

**3.** Ms. Nedderman apparently could have argued that she knew about the drug dealing but did not consent to it. A very recent district court case found that "knowledge or consent" as that term is used in the statute is to be read disjunctively under normal canons of statutory construction. Therefore, an owner who *knows* but does not *consent* to the drug activity could use this defense. *U.S. v. Real Property and Premises Known as 171–02 Liberty Avenue, Queens, New York,* 710 F.Supp. 46 (E.D.N.Y.1989). Ms. Nedderman, however, has not claimed that she knew but didn't consent. She disavows any knowledge of drug dealing.