United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-51253

NEVA MURRAY, Individually and as Guardian of
Hugh Murray, Ward

Plaintiff-Appellant,

VERSUS

CROSSMARK SALES, INC.; CONNECTICUT GENERAL LIFE INSURANCE
COMPANY; ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas

( 5:03-CV-85 )

Before HIGGINBOTHAM, DeMOSS, and OWEN Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Neva Murray appeals the district court's affirmance of the denial of her benefits claim on the basis of an ERISA-plan exclusion.  We AFFIRM.

Defendant-Appellee Crossmark Sales, Inc. ("Crossmark") employs Murray.  Since 1996, Murray has participated in Crossmark's Medical Plan, a self-funded plan providing medical, prescription drug, and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vision benefits to plan participants under the terms of both the Plan Document and the Summary Plan Description (the "SPD").[2] Upon joining the Plan, Murray signed an enrollment application, agreeing to be bound by the terms and conditions of the Plan Document and the SPD.

As Plan administrator, Crossmark delegated claim administration to a third party claims administrator, which was empowered to make benefit determinations. Over the course of Murray's participation in the Plan, at least two claims administrators were named by Crossmark. In 1997, Defendant-Appellee Group & Pension Administrators, Inc. ("GPA") became the claims administrator. Then, on March 29, 2000, Murray enrolled her husband, Mr. Hugh Murray, as a dependent beneficiary in the Plan. Mr. Murray was self-employed as a pest control contractor at that time. On March 1, 2001, Crossmark replaced GPA with Defendant-Appellee Connecticut General Life Insurance Company ("CIGNA") as claims administrator. Thus, effective March 1, 2001, CIGNA exercised its discretion to make benefit determinations under the Plan for claims occurring on or after March 1, 2001.

On February 12, 2001, Mr. Murray suffered serious injury when he fell from an attic onto a concrete floor while performing pest control work for profit at his customer's residence. Mr. Murray's

---

[2]All parties conceded before the district court that the Plan is an employee benefit plan under the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1002 *et seq*.

2

medical bills exceed $500,000. Murray submitted claims to GPA for expenses incurred for his treatment through February 28, 2001. During investigation into the claim, Murray averred that her husband's injuries were work related. GPA sent a denial of benefits notice to Murray, indicating that Mr. Murray's injuries were not covered because of an exclusion of coverage for any work-related injury.[3] Crossmark also instituted its own investigation and likewise concluded that Mr. Murray's injuries were expressly excluded under the Plan's terms. When CIGNA replaced GPA as the claims administrator, the Plan was amended, and Crossmark gave its employees notice of the material amendments as required by ERISA, 29 U.S.C. § 1024(b)(1) ("The administrator shall furnish to each participant, and each beneficiary receiving benefits under the

---

[3]The SPD, under GPA's administration, provided,

The following exclusions and limitations apply to expenses incurred by all Covered Persons:
. . .
3. Charges arising out of or in the course of any occupation for wage or profit, or for which the Covered Person is entitled to benefits under any Worker's Compensation or Occupational Disease Law, or any such similar law.

The SPD, under CIGNA's administration, provided,

No payment will be made for expenses incurred for you or any one of your Dependents:
• for or in connection with an Injury arising out of, or in the course of, any employment for wage or profit;
• for or in connection with a Sickness which is covered under any workers' compensation or similar law.

plan, a copy of the summary plan description, and all modifications and changes referred to in [29 U.S.C. § 1022(a)] . . . .").

Because of the change in the entity administrating claims, Murray submitted claims for expenses incurred after March 1, 2001 to CIGNA. Unlike GPA, CIGNA uses a system of claims administration called "pay and chase." Consistent with this system, CIGNA initially paid Murray based upon the claims received and then instituted an investigation. CIGNA paid approximately $90,000 in benefits but, after investigation, determined that Mr. Murray's claims were barred by the work-related exclusion. Murray contested the denials, and, in its role as claims administrator at the time, CIGNA affirmed the decision to deny Mr. Murray's claims for benefits.

Murray filed this lawsuit against Crossmark, GPA, and CIGNA (collectively, "Defendants"), arguing that the denial of benefits was arbitrary and capricious, resulting in an abuse of discretion. The Defendants filed a motion for summary judgment, arguing that Murray's claims were barred by the exclusions and limitations included in the SPD. Murray filed a motion for partial summary judgment on February 27, 2004. On July 22, 2004, the district court denied Murray's motion for partial summary judgment, granted judgment for GPA and CIGNA, and granted in part judgment for Crossmark as to the denial of benefits of claim. By stipulation, the parties dismissed with prejudice Murray's remaining claim against Crossmark. Murray timely appealed the district court's

4

grant of judgment on October 4, 2004 to Defendants.

This Court reviews *de novo* the district court's grant of summary judgment, applying the same standards as the district court. *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002); *see also* FED. R. CIV. P. 56(c). When the plan administrator enjoys authority to make a final determination of eligibility for claim benefits, as here, we review the plan administrator's denial of benefits for an abuse of discretion. *See Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5th Cir. 1994); *see also Gosselink v. AT&T, Inc.*, 272 F.3d 722, 726 (5th Cir. 2001).

Murray argues that the district court erred in denying her benefits claim on the basis of an affirmative defense – the work-related exclusion – that Defendants failed to plead. The district court assumed for purposes of analysis, without deciding, that an ERISA-plan exclusion must be pled as an affirmative defense under Federal Rule of Civil Procedure 8(c). The district court then determined that Defendants did not waive the defense provided by the work-related exclusion in failing to plead it. Rule 8(c)'s provision that waiver results from a failure to plead is not absolute because "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise, . . . technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983); *Jones v. Miles*, 656 F.2d 103, 107 n.7 (5th Cir. 1981); *see also*

*Bull's Corner Rest., Inc. v. Dir., Fed. Emergency Mgmt. Agency*, 759 F.2d 500, 502 (5th Cir. 1985), *superceded in part by rule on other grounds*, FED. R. CIV. P. 52(a).

We find the work-related exclusions here unambiguous, and the record reflects that Murray was on notice of the work-related exclusion in the SPDs prior to the filing of the lawsuit. Murray concedes that the Defendants asserted the work-related exclusion in their June 11, 2003 Motion to Limit Discovery, filed over eleven months before the trial setting. Furthermore, Defendants affirmatively pled in their answer to Murray's Second Amended Complaint that the claims were denied "in accordance with the terms and conditions of the Plan." Based on this record, the district court did not err in concluding that the work-related exclusion defense was not waived, nor did the court err in concluding that the denial of benefits under the unambiguous terms of the work-related exclusions was neither arbitrary nor capricious.

After thorough review of the briefs, the oral arguments of the parties, and relevant portions of the record, we AFFIRM the district court's judgment for Defendants on Murray's denial of benefits claim essentially for the well-stated reasons provided by the district court.

**AFFIRMED.**