118

581 A.2d 953

**COMMONWEALTH of Pennsylvania**

v.

**$126,730.50, $5,000.00, & $1,922 U.S. Currency and Two One–Ounce Gold Bars Seized from Mark Trachtenberg.**

**Appeal of Mark TRACHTENBERG.**

Superior Court of Pennsylvania.

Submitted Sept. 6, 1990.

Filed Oct. 31, 1990.

Joel P. Trigiani, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before OLSZEWSKI, DEL SOLE and HUDOCK, JJ.

OLSZEWSKI, Judge.

This is an appeal from a forfeiture order. The Commonwealth filed four petitions on March 17, 1988, seeking forfeiture pursuant to 35 P.S. § 780–128.[1] The items which the Commonwealth sought included $126,737.50 in cash, $5,000.00 in cash, $1,922.00 in cash, two one-ounce gold bars, and a 1982 Cadillac Eldorado. After a hearing, at which the Commonwealth presented extensive testimony

---

1. This section has subsequently been repealed and replaced by 42 Pa.C.S.A. §§ 6801–02, which provides more extensive forfeiture remedies in cases involving the possession and sales of illegal drugs.

and appellant presented no testimony, the trial court granted the Commonwealth's petitions for forfeiture.

The facts of this case, as summarized by the trial court, are as follows:

Arlene Brown testified that she is the girlfriend of Frank Trachtenberg, the brother of Mark [appellant], and she assisted Frank in the sales of cocaine and assorted pills. In the course of her work she sold dilaudid (synthetic heroine) to Mark who re-sold the same for profit. She obtained these drugs through fraudulent prescriptions. According to her, Mark had other suppliers of dilaudid and tuinals (barbiturates). She further testified that on March 1, 1987 she and Mark were going to the track in his Cadillac and they made a stop for her to purchase approximately one hundred (100) dilaudids.

Trial court opinion, at 1.

After a State Police investigation, the two brothers, Frank and Mark, and Arlene Brown were arrested and indicted in Bucks County on narcotics charges. Appellant and Arlene Brown pled guilty to two counts of possession with intent to deliver and one count of conspiracy.

On March 30, 1990, the trial court properly refused appellant's request to return the money, two gold bars and a Cadillac, and lawfully forfeited the same to the Commonwealth. In this timely appeal, appellant presents two questions for our consideration: (1) whether the Commonwealth proved by a preponderance of the evidence that money found in a safety deposit box was derived from illegal drug transactions, and (2) whether the Commonwealth proved by a preponderance of the evidence that the 1982 Cadillac Eldorado was used to facilitate drug transactions.

■ Appellant's first issue concerns whether the trial court's order of forfeiture of money found in a safety deposit box is based upon competent evidence. At the time of the seizure of appellant's car, money, and gold bars by police, the forfeiture proceedings were governed by The Controlled Substance, Drug, Device and Cosmetic Act of

April 14, 1972, P.L. 233, No. 64, § 1, as amended, 35 P.S. §§ 780–128 and 780–129.[2] In regards to the burden of proof, the statute provides:

(e) At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used or possessed, the burden shall be upon the claimant to show:

(1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon:

(2) That the claimant lawfully acquired the property;

(3) That it was not unlawfully used or possessed by him;

(4) In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent.

35 P.S. § 780–129(e).

It is necessary for the Commonwealth to establish by a preponderance of the evidence that the money and two gold bars found in the safety deposit box were the result of criminal activity. To meet this burden, the Commonwealth introduced wire taps disclosing substantial sales of narcotics and conversations discussing the feasibility of conceal-

---

2. The statute was repealed on June 30, 1988, effective immediately. The provisions regarding the burden of proof were incorporated into the new statute, 42 Pa.C.S. § 6802(j) which provides:

(j) **Owner's burden of proof.**—At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section 6801(a), the burden shall be upon the claimant to show:

(1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon.

(2) That the claimant lawfully acquired the property.

(3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.

ing the contents of safety deposit boxes. We find that the Commonwealth successfully established that the money seized was money accumulated through the sale of narcotics. Appellant, however, failed to provide any evidence that the money was lawfully acquired. We find that the appellant's money and two gold bars found in the safety deposit box were properly forfeited to the Commonwealth.

■ Appellant's second issue concerns whether the trial court erred in ordering forfeiture of a 1982 Cadillac Eldorado. The applicable statute provides:

(a) The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:

＊　　＊　　＊　　＊　　＊　　＊

(4) All conveyances, including aircraft, vehicles, or vessels, which are used or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property ...

35 P.S. § 780–128.

The uncontradicted testimony of Arlene Brown describing the purchase of narcotics when she and appellant were going to the race track, establishes that the Cadillac was used to transport controlled substances. We find, therefore, that appellant's vehicle was properly forfeited to the Commonwealth.

■ Although the issue of jurisdiction has not been raised by the parties, the Superior Court is the proper appellate forum for the forfeiture proceedings. Under the old drug forfeiture statute, 35 Pa.S. § 780–128 (repealed 1988), this Court routinely exercised appellate jurisdiction over drug-related forfeitures. The nature of the proceedings were quasi-criminal in rem proceedings initiated by the Commonwealth. This Court perceived no problem with exercising jurisdiction over the forfeiture cases under the old statute. The current drug forfeiture statute, 42 Pa.C.S. § 6802(a)[3] does not contain the same language for the

3. Section 6802 provides in pertinent part:

proceedings, but the nature of the proceedings and the underlying issue in the proceedings are the same. The proceedings are drug related and quasi-criminal in nature. The drug forfeiture proceedings properly belong in the Superior Court because the Court has jurisdiction and has developed expertise in the area.

██ The issue of appellate jurisdiction, however, does not present a problem in the present case. The issue of jurisdiction between appellate courts is waived and is within the discretion of the Court if the appellee does not raise it within forty days of the filing of the appeal. Pa.R.A.P. 741(a). The appellee has not raised the issue of jurisdiction within forty days and, therefore, has waived the issue.

After a thorough review of the record, the briefs, the applicable law and the opinion of the trial court, we find no merit to the issues raied in this appeal. Order affirmed.

(a) **General Procedure.**—The proceedings for the forfeiture or condemnation of property, the sale of which is provided for in this chapter, shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the court of common pleas of the judicial district where the property is located, verified by oath or affirmation of an officer or citizen, containing the following:

(1) A description of the property seized.

(2) A statement of the time and place where seized.

(3) The owner, if known.

(4) The person or persons in possession, if known.

(5) An allegation that the property is subject to forfeiture to section 6801(a) (relating to loss of property rights to Commonwealth) and an averment material facts upon which the forfeiture action is based.

(6) A prayer for an order that the property be adjudged forfeited to the Commonwealth and condemned and be ordered sold according to law, unless cause be shown to the contrary.