592 A.2d 756

COMMONWEALTH of Pennsylvania, Appellee,

v.

**502–504 GORDON STREET, in the Ninth Ward of the City of Allentown, County of Lehigh, Commonwealth of Pennsylvania as Described with Particularity in Deed Book Volume Number 366, Page 342, Record of Deeds Office, Lehigh County, and All Improvements, Appurtenances, Buildings, Structures, Furnishings, Equipment and All Items Personality Found Therein.**

**Appeal of Mattia LONARDO and Marjorie J. Lonardo.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1991.

Filed March 27, 1991.

John P. Karoly, Jr., Allentown, for appellant.

Richard R. Tomsho, Asst. Dist. Atty., Allentown, for Com., appellee.

Before McEWEN, KELLY and HUDOCK, JJ.

PER CURIAM:

This is an appeal from the order forfeiting to the Commonwealth the property, together with all improvements and items found within any structure built thereon, owned by the Appellants, Mattia and Marjorie Lonardo, at 502–504 Gordon Street in Allentown, Pennsylvania. After careful review, we find that this Court lacks jurisdiction to review the order in question and, accordingly, transfer the case to the Commonwealth Court.

The Allentown Police Department seized the Appellant's property where their bar, known as Shorty's Cafe ("Shorty's"), was operated. Thereafter, the Commonwealth filed a petition for forfeiture pursuant to the Controlled Substance Forfeiture Act ("the Act"), 42 Pa.C.S.A. §§ 6801 *et seq.* The Commonwealth's petition was filed after numerous drug related arrests had occurred at Shorty's. At the hearing on the Commonwealth's petition, twenty-three police officers testified and recounted at least seventeen specific incidents at the bar between the period of December 2, 1988 and May 6, 1989, the date of seizure. The police officers and the Commonwealth's rebuttal witnesses described endless drug related activity consisting of the use and sale of drugs at Shorty's. The Appellants disclaimed any knowledge of these activities and produced witnesses supporting this position. After the court entered its order, the Appellants filed exceptions [1] which were not formally disposed of by the court prior to the instant appeal being commenced in timely fashion.

The Appellants raise six questions on appeal. However, we agree with the Commonwealth's argument related to this Court's lack of jurisdiction to hear this appeal. By its

---

1. Pa.R.Civ.P. 227.1 was amended to preclude the filing of a motion for post-trial relief. See, *Commonwealth v. One 1988 Ford Coupe,* 393 Pa.Super. 320, 324, n. 3, 574 A.2d 631, 633, n. 3 (1990).

terms, the Act sets forth that "[t]he proceedings for the forfeiture or condemnation of property ... shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant." 42 Pa.C.S.A. § 6802(a). The Judicial Code provides that "the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases: (1) Commonwealth civil cases.—All civil actions or proceedings: ... (ii) By the Commonwealth government, including any officer thereof acting in his official capacity." 42 Pa.C.S.A. § 762(a)(1)(ii).[2]

Appeal transferred to Commonwealth Court.

---

**2.** We recognize that forfeiture proceedings under the former Act, 35 Pa.S.A. §§ 780–128, 780–129, were considered within our jurisdiction. See, *Commonwealth v. $126,730.50*, 399 Pa.Super. 118, 581 A.2d 953 (1990). Indeed, such proceedings were classified as being quasi-criminal in nature. *Id.* However, unlike most forfeiture proceedings, the instant case involves no pending criminal charges against the property owners, nor, apparently, are any contemplated. Equally true, the instant appeal is from the forfeiture order issued in response to the Commonwealth's forfeiture petition, and not from an order denying a property owner's petition for return of property.