**COMMONWEALTH of Pennsylvania**

v.

**Timothy J. BAUMER, Appellant (Two Cases).**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1998.

Decided Nov. 17, 1998.

---

Timothy J. Baumer, petitioner, pro se.

Ronald T. Williamson, Senior Deputy Atty. Gen., Norristown, for appellee.

Before COLINS, President Judge, and SMITH, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

Timothy Baumer, proceeding pro se, appeals from the order of the Court of Common Pleas of the 37th Judicial District (Warren County Branch) in which it denied his motion for return of personal property seized from his home pursuant to a search warrant and used by the Commonwealth in obtaining his criminal conviction.

Baumer was convicted in November 1993 of voluntary deviate sexual intercourse with a young boy and corruption of minors. During the trial, three of Baumer's young victims testified as to long-term sexual abuse. The Commonwealth introduced evidence that Baumer committed these crimes while occupying positions of trust as a juvenile

probation officer and, later, as warden of the Warren County Prison. The trial court sentenced Baumer to a term of eight to sixteen years in prison. The Superior Court affirmed the conviction and sentence, and the Supreme Court denied Baumer's petition for allowance of appeal.

In November 1997, Baumer filed his motion for return of personal property, requesting return of items that Baumer alleged were neither pornographic nor contraband. The items are as follows:

1. Photo album containing pictures of juveniles
2. Sexual addiction manual
3. Envelope containing letters and cards
4. Legal papers
5. Gray card file containing addresses and telephone numbers
6. Green card file containing addresses and telephone numbers
7. Hershey's Baking Soda box containing photographs
8. Folder containing letters
9. Envelope containing photographs of juveniles
10. Envelope containing forms from Northern Tier Diagnostic Center
11. Envelope containing legal materials
12. 20 VHS tapes
13. Envelopes containing photographs of juveniles (basketball)

In addition, Baumer's motion requested that four pornographic tapes seized pursuant to a search warrant be returned to their rightful owners.

■ Without a hearing, the trial court granted Baumer's motion in part and returned Items 3, 4, 8, 11, and 12. In denying Baumer's motion in part, the judge concluded that the remaining items constituted derivative contraband, which he defined as property used in the perpetration of an unlawful act, and that the Commonwealth had met its burden of establishing a specific nexus between the property and Baumer's criminal activity as a convicted child molester. On appeal,[1] Baumer argues that he has been

1. Our standard of review is to determine whether the evidence supports the trial court's findings

unjustly deprived of his personal property in that the trial court failed to hold a hearing on his motion and failed to view the property in question, and that the judge erred in concluding that the Commonwealth met its burden of proving a nexus between the property and his criminal activity.

After reviewing the record we disagree. Contrary to Baumer's contention, the trial court did not accept the Commonwealth's characterization or assessment of the personal property in question. In his opinion, the judge described the property items using virtually the same words as Baumer used in his motion; the judge acknowledged that, with the exception of Item 10 and four pornographic video tapes, Baumer legally owned the property. The judge also acknowledged that the property was not contraband per se; i.e., that the photographs were not pornographic and that possession of the other items was not illegal. The record clearly indicates that almost without exception, the trial court accepted Baumer's characterization of the property in question. Furthermore, the judge noted that Baumer had met his burden of proving his entitlement to lawful possession of the property, obviating any need for Baumer to appear at a hearing.

■ Baumer's burden of proof having been met, the burden shifted to the Commonwealth to prove by a preponderance of evidence a specific nexus between the property and Baumer's criminal activity; i.e., that the property was derived from, or used to further, the criminal activity. *Commonwealth v. One 1985 Dark Blue Mercedes Benz Car*, 391 Pa.Super. 507, 571 A.2d 482 (Pa.Super.), *petition for allowance of appeal denied*, 526 Pa. 654, 586 A.2d 922 (1990).

■ In this case, the Commonwealth met this burden with respect to photographs of juveniles among Items 1, 7, 9, and 13; any photographs of adults contained in Item 7 may be returned to Baumer. Given the nature of Baumer's conviction and the fact that his victims were all male juveniles, photographs of these and other male juveniles are directly traceable to his criminal activity. The record indicates that some of the photographs depict settings where Baumer gained access to his victims and other juveniles. As to Items 5 and 6, the card files contain names and addresses, including those of his victims and other juveniles. Again, the names and addresses of Baumer's victims and other juveniles are directly traceable to his criminal activity. Given the nature of Baumer's criminal activities, the record supports the conclusion that the property was both derived from and used to further his criminal activity.

■ As for the sexual addiction manual and the forms from Northern Tier Diagnostic Center, we cannot ascertain from the record whether these items are derivative contraband. We are convinced, however, that the trial court was justified in denying Baumer's motion as to these items on the ground that the forms contain confidential information about persons in Baumer's charge when he worked there as a supervisor. The record indicates that the sexual addiction manual was the property of the Warren County Jail, where Baumer worked at one time; therefore Baumer is not entitled to have the manual returned to his possession. The Commonwealth introduced the sexual addiction manual at trial as circumstantial evidence against Baumer, with the implication that the manual fueled Baumer's deviant sexual behavior. The trial court correctly denied Baumer's motion with respect to the pornographic tapes after concluding that Baumer had no ownership interest in the tapes.

Accordingly, the order of the Court of Common Pleas is affirmed, except for any photographs of adults that may be contained in Item 7.

### ORDER

AND NOW, this 17th day of November, 1998, the order of the Court of Common Pleas of the 37th Judicial District (Warren County Branch) in the above-captioned mat-

---

and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Fontanez*, 679 A.2d 1361 (Pa.Cmwlth.1996), *peti-* *tion for allowance of appeal granted*, 547 Pa. 732, 689 A.2d 236 (1997).

ter is affirmed, except with respect to photographs of adults contained in Item 7.