control of the board. *Mooney,* 448 Pa. at 431, 292 A.2d at 399.

■ The board of trustees of PSU is not governmental in nature. It is composed of thirty-two members, only ten of whom are public officials. The latter consist of six members appointed by the governor, and, as ex officio members, the governor, the secretary of education, the secretary of agriculture, and the secretary of environmental resources. Thus, governmental representation on the board constitutes only a minority interest. Majority control rests in the hands of the twenty-two members that include the president of the university, nine members elected by alumni, and twelve members elected by various agricultural and industrial societies. In contrast, universities that are part of the State System of Higher Education, supra, are subject to the system's board of governors, all of whom are governmental appointees, 24 P.S. § 20–2004–A(a), and all members of the council of trustees of each of the institutions are appointed by the governor, 24 P.S. § 20–2008–A (a), (b). Given the composition of the board of trustees of PSU, it is clear that the authority to control and dispose of PSU property is not within the purview of the Commonwealth. See 24 P.S. § 2533 (power to acquire and dispose of real property rests with the PSU board of trustees); PSU Corporate Charter (powers of trustees enumerated under the heading "Incorporation"). It cannot be said, therefore, that the real property of PSU is so controlled by the Commonwealth as to fall within the latter's immunity from local real estate taxation.

The decision of Commonwealth Court to the contrary must, therefore, be reversed. Inasmuch as HMC does not qualify for tax-free status as property owned by an agency of the Commonwealth, a remand to the court of common pleas is necessary for a determination of whether HMC qualifies for exemption on an alternate basis. This is due to the fact that the court of common pleas decided this case on the basis of the immunity claim, leaving unresolved HMC's alternate claim for exemption as an institution of purely public charity under the General County Assessment Law, 72 P.S. § 5020–204(a)(3).

Order reversed, and case remanded.

Justice NIGRO concurs in the result.

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Gina PERIN, Petitioner.**

Supreme Court of Pennsylvania.

June 22, 1999.

***ORDER***

PER CURIAM:

**AND NOW,** this 22nd day of June 1999, the petition for allowance of appeal is GRANTED, the order of the Commonwealth Court is VACATED and the case is REMANDED to the Court of Common Pleas of Lehigh County to conduct a jury trial in the instant forfeiture proceeding.