COMMONWEALTH of Pennsylvania

v.

ONE MACK DUMP TRUCK seized from Harry Woldsmitt (owned by Luis Cruz) listed on Property Receipt No. 2922524.

Luis Cruz, Appellant.

Commonwealth of Pennsylvania

v.

One Mack Dump Truck Seized from Melvin Lopez (owned by Luis Cruz) listed on Property Receipt No. 2022521.

Luis Cruz, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1999.

Decided Dec. 30, 1999.

Reargument Denied Feb. 28, 2000.

Herbert R. Weiman, Jr., Philadelphia, for appellant.

Jonathan M. Levy, Philadelphia, for appellee.

Before SMITH, J., LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Luis Cruz appeals from an order of the Court of Common Pleas of Philadelphia County that granted the Commonwealth's motion for summary judgment and ordered two dump trucks forfeited to the Commonwealth that were owned by Cruz and used by employees of his company, Cruz Incorporated, to unlawfully dump construction demolition debris. Cruz questions whether it was proper for the trial court to grant the Commonwealth's petition for forfeiture and to deny his motion for return of property without a hearing.

On September 10, 1996, Cruz was convicted by bench trial of multiple violations of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–6018.1003.[1] These convictions arose from a joint investigation of the Philadelphia Police Department's Environmental Response Unit and the Pennsylvania Department of Environmental Protection that revealed illegal dumping by Harry Woldsmitt and Melvin Lopez of construction demolition debris in trucks owned by Cruz. Woldsmitt was convicted

---

1. Cruz was convicted of violating Section 201, 35 P.S. § 6018.201 (relating to the submission of plans); Section 301, 35 P.S. § 6018.301 (relating to the management of solid waste); Section 501, 35 P.S. § 6018.501 (relating to permits and licenses required); and Section 505, 35 P.S. § 6018.505 (relating to bonds). Cruz Incorporated pled guilty to violating Section 6501 of the Crimes Code, as amend-

of waste disposal violations and criminal conspiracy;[2] Lopez was admitted to accelerated rehabilitative disposition (ARD) in exchange for his testimony. The Commonwealth seized the vehicles and filed petitions for their forfeiture pursuant to Section 6501 of the Crimes Code, as amended, 18 Pa.C.S. § 6501, and Section 1715 of the Municipal Waste Planning, Recycling and Waste Reduction Act (Municipal Waste Act), Act of July 28, 1988, P.L. 556, *as amended,* 53 P.S. § 4000.1715. Cruz filed answers to the petitions and motions for the return of the vehicles.

Following Cruz' conviction, the Commonwealth filed a motion for summary judgment claiming that there were no issues of material fact in dispute. Cruz filed no response to the Commonwealth's motions, and the trial court granted them without a hearing. In response to Cruz' claim that the trial court erred in not granting a hearing on the petition for forfeiture or on the motion for return of property, the trial court concluded that "the granting of the summary judgment motion rendered the need for a full evidentiary hearing moot" and that in light of the notes of testimony from the criminal proceedings "it is unlikely that [Cruz] could meet his burden under [S]ection 6501(d)(10)(iii) [of the Crimes Code]." Trial court opinion, p. 9.

■ Appellate review of an order granting summary judgment is plenary; the same standard applies on appeal as before the trial court. *Albright v. Abington Memorial Hospital,* 548 Pa. 268, 696 A.2d 1159 (1997). Summary judgment is properly granted where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa. R.C.P. No. 1035.2(1). An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Davis v. Brennan,* 698 A.2d 1382 (Pa.Cmwlth.1997). The moving party has the burden of proving the non-existence of any genuine issue of material fact. *Id.* The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Schnupp v. Port Authority of Allegheny County,* 710 A.2d 1235 (Pa.Cmwlth.1998).

■ The Commonwealth argues that it was proper for the trial court to grant its motion for summary judgment in this case because Rule of Civil Procedure 1035.3(d) provides that summary judgment may be entered against a party who does not respond to the motion. Although Rule 1035.3(d) permits entry of judgment for failure to respond to the motion, the rule does not require it. *Stilp v. Hafer,* 701 A.2d 1387 (Pa.Cmwlth.1997). Pennsylvania courts have explained that even when the non-moving party fails to submit an opposing affidavit, summary judgment should not be granted unless the moving party's affidavit evidence clearly dispels the existence of any genuine material factual issue. *First Mortgage Company of Pennsylvania v. McCall,* 313 Pa.Super. 54, 459 A.2d 406 (1983) (applying former Rule 1035(d) which also provided for entry of summary judgment if appropriate against a non-moving party who fails to respond).

■ It is also relevant that the matter at hand is a forfeiture proceeding. Although forfeiture proceedings are civil in form, the proceedings are quasi-criminal in character. *In re One 1988 Toyota Corolla,* 675 A.2d 1290 (Pa.Cmwlth.1996); *Commonwealth v. Landy,* 240 Pa.Super. 458, 362 A.2d 999 (1976). Accordingly, forfeiture defendants are entitled to exercise some of the rights of a criminal defendant. *See, e.g., Austin v. United States,* 509 U.S.

ed, 18 Pa. C.S § 6501 (relating to public nuisances).

**2.** Woldsmitt was convicted of violating Section 302, 35 P.S. § 6018.302 (relating to the disposal of residual waste); Section 303, 35 P.S. § 6018.303 (relating to the transportation of residual waste); and Section 903 of the Crimes Code, as amended, 18 Pa.C.S. § 903 (relating to criminal conspiracy).

602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (discussing the right against self-incrimination in forfeiture proceedings). Pennsylvania appellate courts have protected the right of forfeiture defendants to a hearing on the forfeiture petition. *Commonwealth v. Mosley*, 549 Pa. 627, 633, 702 A.2d 857, 860 (1997) (stating that "notice and opportunity to be heard are integral to forfeiture proceedings"); *In re $803 Cash, U.S. Currency*, 403 Pa.Super. 526, 589 A.2d 735 (1991) (holding that incarcerated forfeiture defendants must be informed of their right to be transported to a scheduled forfeiture hearing).[3]

Cruz argues that he is entitled to a hearing in order to present evidence to support an innocent owner defense. *See Commonwealth v. 502–504 Gordon Street*, 147 Pa.Cmwlth. 330, 607 A.2d 839 (1992) (discussing the innocent owner defense in forfeiture proceedings and the quality of evidence allowable to support the defense). The Commonwealth argues that no such defense is available in forfeiture proceedings for violation of the Solid Waste Management Act. Section 1715(a) of the Municipal Waste Act provides for the forfeiture of "any vehicle or conveyance used for transportation or disposal of solid waste in the commission of an offense under section 610(1) of the Solid Waste Management Act" to the Department of Environmental Protection. The section further provides: "The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of intoxicating liquors shall apply to seizures, and forfeitures under this section." *Id.*

■ Thus forfeiture proceedings for violation of the Solid Waste Management Act are governed by the provisions of Section 602 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 6–602. Section 602(e) provides in part that "if it appears that said vehicle ... was unlawfully possessed or used, the court may, *in its discretion,* adjudge the same forfeited and condemned as hereinafter provided." 47 P.S. § 6–602(e) (emphasis added). The Pennsylvania Supreme Court has held that in exercising the discretion to order forfeiture in Section 602(e) proceedings, trial courts should take into account an owner's lack of knowledge of illegal use. *Commonwealth v. Two Electronic Poker Game Machines*, 502 Pa. 186, 465 A.2d 973 (1983). Accordingly, the Court concludes that the innocent owner defense is available in forfeiture proceedings for violation of the Solid Waste Management Act.

■ The petition for forfeiture was also based on Section 6501 of the Crimes Code, which provides, among other things, for the forfeiture of vehicles used in the illegal scattering of rubbish. Section 6501(d)(10) provides:

At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under this section, the burden shall be upon the claimant to show:

(i) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon.

---

**3.** The Commonwealth notes that this Court recently affirmed a grant of partial summary judgment on a motion for return of property without a hearing in *Commonwealth v. Baumer*, 720 A.2d 805 (Pa.Cmwlth.1998). However, *Baumer* is an exceptional and fact-specific case which offers no precedential value in this case. The appellant in *Baumer* filed a petition for return of property that had been seized in connection with his conviction of voluntary deviate sexual intercourse with a young boy and corruption of minors. At the criminal trial, three of the appellant's young victims had testified as to long-term sexual abuse. Without a hearing, the trial court granted the appellant's motion as to some items but denied it as to other items, including, among other things, pictures of young juveniles and card files containing addresses and phone numbers. Significantly, the trial court accepted the appellant's characterization of the property at issue in his motion almost without exception. Furthermore, no innocent owner defense was arguably available to the appellant under these circumstances, and no material fact was in dispute.

(ii) That the claimant lawfully acquired the property.

(iii) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.

18 Pa.C.S. § 6501(d)(10). The Court similarly concludes that the innocent owner defense is expressly available in forfeiture proceedings under Section 6501 of the Crimes Code.[4]

 The trial court's conclusion that it is "unlikely" that Cruz can meet his burden under Section 6501(d)(10)(iii) represents an insufficient basis for the trial court to grant summary judgment in this forfeiture and return of property proceeding. Moreover, after reviewing the record, the Court cannot agree that the Commonwealth's affidavit evidence dispels any genuine material factual issue as to whether the unlawful use of the dump trucks was without Cruz' knowledge or consent. Accordingly, the trial court erred in granting the Commonwealth's motion for summary judgment, and this matter must be remanded for a hearing on the Commonwealth's forfeiture petition and on Cruz' motion for return of property. In light of this result, the Court need not address Cruz' argument that the affidavit evidence is insufficient to satisfy the Commonwealth's initial burden in the forfeiture proceeding.

4. The burden of proof in return of property proceedings is different from the burden in forfeiture proceedings, *Mosley*, and Cruz was entitled to a hearing on his motion as well, although the evidence in both types of hearings may be essentially the same, *In re One 1988 Toyota Corolla*. The Commonwealth in its post-argument submission permitted by the Court stated that the Supreme Court's recent per curiam order in *Commonwealth v.*

*O R D E R*

AND NOW, this 30th day of December, 1999, the order of the Court of Common Pleas of Philadelphia County is reversed, and this matter is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

Judge LEADBETTER dissents.

*Perin*, 557 Pa. 97, 731 A.2d 1275 (1999), has no relevance to this case. The Court nonetheless finds it noteworthy that the Supreme Court reversed this Court's order granting forfeiture and remanded that case for trial by jury in the forfeiture action even though a hearing had been held on Perin's motion for return of property. *See Commonwealth v. Perin*, 722 A.2d 227 (Pa.Cmwlth.1998).