IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania          :
                                       :    No. 1257 C.D. 2015
                    v.                 :
                                       :    Submitted: January 8, 2016
$1793.00 in cash                       :
                                       :
Appeal of: Cedric Daniels              :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED: May 2, 2016


           Cedric Lamont Daniels (Appellant) appeals *pro se* from the May 28, 2015 order of the Court of Common Pleas of Cumberland County (trial court) granting the petition of the Commonwealth of Pennsylvania for forfeiture of $1,793.00 in cash seized from Appellant following his arrest on multiple drug charges and a search of his apartment.

           The underlying facts as found by the trial court are not in dispute. On May 14, 2014, following a criminal jury trial, Appellant was found guilty of four counts of unlawful possession with intent to deliver a Schedule I controlled substance – heroin, and one count of criminal conspiracy related thereto. These charges resulted from an investigation by the Cumberland County Drug Task Force and a series of four controlled purchases of heroin by a confidential informant using marked police funds. Following the issuance of a felony arrest warrant, police

conducted a traffic stop and arrested Appellant on April 23, 2013. A search of Appellant incident to arrest found $1,693.00 in cash in Appellant's pants pocket, mostly in $20.00 denominations.[1] However, none of this cash included marked police funds. During the execution of the warrant, the driver of the vehicle, Rashun Greggs, was found with 70 bags of heroin on his person. (Trial court op. at 1-2.)

Simultaneously with the traffic stop, other police officers executed a search warrant at an apartment which Appellant frequented, and from which he was seen leaving before each of the controlled purchases of heroin, where police found a suitcase with legal documents that listed Appellant's name. This suitcase also contained 60 bags of heroin. The search also discovered $100.00 in cash near the suitcase, $80.00 of which included marked police funds used in one of the controlled purchases of heroin. (Trial court op. at 2.)

Following Appellant's criminal trial, on November 25, 2014, the Commonwealth filed a petition seeking forfeiture of the $1,793.00 cash found on Appellant's person and in the apartment, as well as a 1998 Dodge Avenger. Appellant sought a return of the $1,693.00 found on his person. The trial court conducted a hearing on May 28, 2015. (Trial court op. at 3.)

At this hearing, the Commonwealth presented the testimony of Christopher Collare, a detective with the Cumberland County Drug Task Force. Detective Collare testified regarding the prior investigation of Appellant, his arrest, and his subsequent criminal trial and convictions. The Commonwealth introduced and the trial court admitted, over the objection of Appellant, a copy of the certified

---

[1] During his criminal trial, Appellant alleged that this cash was obtained from working with his uncle's carpet cleaning and upholstery business in Newark, New Jersey. However, Appellant offered no evidence at either hearing confirming his wages or the employment in general.

2

transcript of the criminal trial. Detective Collare confirmed that police discovered $1,693.00 in cash in Appellant's pocket following a search incident to arrest. He explained that on April 23, 2013, a confidential informant called Appellant to arrange a purchase of heroin and police conducted a traffic stop after Appellant and another man left an apartment that had been under police surveillance.[2] (Notes of Testimony (N.T.), May 28, 2015, at 3-9.)

Detective Collare stated that police had obtained an arrest warrant for Appellant and a search warrant for the apartment as a result of its surveillance and three prior controlled purchases of heroin. Detective Collare noted that Appellant and another individual, later identified as Mr. Greggs, left the apartment on April 23, 2013, and entered into a black Ford Fusion, which was subsequently stopped.[3] Detective Collare noted that Mr. Greggs was found to be in possession of 70 bags of heroin after this stop. (N.T., May 28, 2015, at 9-13.)

Detective Collare testified that he found nothing during his investigation indicating that Appellant had a job. With respect to the cash found on Appellant's person, Detective Collare explained that most of the cash was in $20.00 denominations, which is typical of drug sales, and even more so in this case which involved purchases of bundles of heroin for $100.00 or $120.00. Detective Collare noted that it was not unusual to keep the drugs and drug money separate, either in different locations or on different people. Detective Collare noted that Mr. Greggs was present with Appellant during another controlled purchase. Regarding the search

---

[2] Detective Collare explained that police chose to execute a traffic stop rather than effectuate an arrest at the apartment due to the presence of a female and child in the latter. (N.T., May 28, 2015, at 8.)

[3] This was not the same vehicle that was the subject of the Commonwealth's forfeiture petition.

of the apartment, Detective Collare stated that $100.00 was found, $80.00 of which included marked police funds used in one of the controlled purchases. (N.T., May 28, 2015, at 15-19.)

On cross-examination, Detective Collare acknowledged that neither the apartment where the search warrant was executed nor the vehicle in which Appellant was stopped was registered to him. He also acknowledged that the $1,693.00 in cash found on Appellant at the time of his arrest did not include any marked police funds and that Appellant was not in possession of any drugs at that time. Detective Collare further admitted that phone records did not establish that the phone calls made by the confidential informant were to Appellant, but that Appellant showed up to complete each of the transactions for which a call was placed. Detective Collare noted that the confidential informant was not present at Appellant's criminal trial, because she was incarcerated in Kentucky at that time. (N.T., May 28, 2015, at 20-22.)

Appellant thereafter testified on his own behalf, denying that he resided at the apartment in question or sold or delivered any drugs. To the contrary, Appellant noted that Mr. Greggs admitted his guilt and that he resided at the apartment. On cross-examination, Appellant conceded that court papers with his name were found in the apartment, but stated that he never put them there. Appellant also acknowledged that keys to a vehicle that he had driven to one of the controlled purchases, for which he was convicted, were found in the apartment, but stated that the vehicle was owned by a third party. At the conclusion of the hearing, the Commonwealth stipulated that it had not proven any nexus between Appellant's drug activities and the 1998 Dodge Avenger and did not object to the return of this vehicle to Appellant. (N.T., May 28, 2015, at 23-28.)

4

By order dated May 28, 2015, the trial court granted the Commonwealth's forfeiture petition with respect to the $1,793.00 in cash, but directed the return of the 1998 Dodge Avenger to Appellant. Appellant thereafter filed a notice of appeal with the trial court.[4] By order dated June 15, 2015, the trial court directed Appellant to file a concise statement of errors complained of on appeal (concise statement) in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.). However, Appellant never filed a concise statement. Instead, Appellant filed a petition for return of property, namely the $1,793.00 in cash. Given its previous order addressing the same and Appellant's filing of a notice of appeal, the trial court denied this petition by order dated July 7, 2015. In its Pa.R.A.P. 1925(a) opinion, the trial court initially noted that Appellant's appeal should be quashed because of his failure to file the concise statement. Nevertheless, the trial court noted that the Commonwealth had established by a preponderance of the evidence a nexus between the cash and Appellant's drug transactions such that forfeiture was proper.

On appeal,[5] Appellant argues that the trial court erred as a matter of law in granting the Commonwealth's forfeiture petition because the Commonwealth failed to "establish, beyond a reasonable doubt, a nexus between [himself] and the police funds." (Appellant's Brief at 4.) In this regard, Appellant asserts that the Commonwealth "illegally seized" the $1,793.00 in cash, noting that he was not in

---

[4] Appellant's appeal was originally filed with our Superior Court. However, by order filed July 21, 2015, the Superior Court transferred the appeal to this Court.

[5] Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. $3961.00 Cash*, 1 A.3d 999, 1001 (Pa. Cmwlth. 2010).

possession of any heroin or any marked police funds at the time of his arrest and there was no evidence linking him to the confidential informant. (Appellant's Brief at 7.)

We begin by noting our agreement with the trial court that Appellant's appeal should be quashed as a result of his failure to file a concise statement with that court in accordance with Pa.R.A.P. 1925(b). *See Commonwealth v. $766.00 United States Currency*, 948 A.2d 912, 915 (Pa. Cmwlth. 2008) (failure to file a concise statement with the common pleas court results in a waiver of all issues on appeal). Even if not waived, we note that Appellant's arguments would fail as he misinterprets the Commonwealth's burden in this case and the evidence presented in support thereof.

Contrary to Appellant's argument, the burden on the Commonwealth in a forfeiture proceeding is not beyond a reasonable doubt; instead, the Commonwealth need only establish by a preponderance of the evidence, i.e., more likely than not, that there is a "sufficient or substantial nexus" between unlawful drug activity and the property sought to be forfeited. *Commonwealth v. $2,523.48 U.S. Currency*, 649 A.2d 658, 660 (Pa. 1994) (quoting *Commonwealth v. 502-504 Gordon St.*, 607 A.2d 839, 842 (Pa. Cmwlth. 1992)). Section 6801(a)(6)(i)(A) of the act commonly referred to as the Controlled Substances Forfeiture Act (Act) provides that "[m]oney . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . . and all proceeds traceable to such an exchange" are subject to forfeiture." 42 Pa.C.S. §6801(a)(6)(i)(A). Section 6801(a)(6)(ii) further provides that "money . . . found in close proximity to controlled substances . . . shall be rebuttably presumed to be proceeds derived from the selling of a controlled substance . . . ." 42 Pa.C.S. §6801(a)(6)(ii). Once the Commonwealth meets its burden, the burden shifts to a person claiming the cash to prove that he owns the money, lawfully

6

acquired the money, and did not unlawfully use or possess the money. *Commonwealth v. Porrino*, 96 A.3d 1132, 1141 (Pa. Cmwlth. 2014) (citation omitted).

In support of this burden, the Commonwealth presented the testimony of Detective Collare, who discussed the investigation conducted by the Cumberland County Drug Task Force, which included at least three controlled purchases of heroin from Appellant in the ten days preceding his arrest, at one of which Mr. Greggs was also present.[6] Detective Collare noted that Appellant was convicted on multiple drug charges. Indeed, a copy of the certified transcript of Appellant's criminal trial was admitted into evidence over Appellant's objection. With respect to the $1,693.00 in cash found on Appellant during his arrest, Detective Collare noted that the same was mostly in $20.00 denominations, which was typical for drug sales, including the purchase of bundles of heroin for $100.00 or $120.00.

While Appellant alleged that he accumulated the cash working for his uncle's carpet cleaning and upholstery business in New Jersey, Detective Collare said that he found nothing during his investigation verifying that Appellant had a job. Detective Collare also noted that it was not unusual for one person to carry the drugs and another person to carry the money, and that Mr. Greggs was present with Appellant during one of the controlled purchases. Further, as the trial court noted, the fact that none of the $1,693.00 in cash found on Appellant included marked police funds does not establish an innocent source for these funds, especially given the

---

[6] Detective Collare testified that the controlled purchases occurred on April 13, 17, and 18, 2013. (N.T. at 9.) The record from Appellant's criminal trial reveals that a fourth controlled purchase occurred on April 22, 2013.

7

rebuttable presumption noted above in section 6801(a)(6)(ii) of the Act and Appellant's failure to provide an explanation for the same at the forfeiture hearing.

With respect to the $100.00 in cash found during the search of the apartment, Detective Collare stated that $80.00 of that $100.00 included marked police funds used in one of the controlled purchases. Further, Detective Collare testified that legal documents with Appellant's name were found in a suitcase in the apartment. The certified transcript from the criminal trial reveals that this same suitcase also contained 60 bags of heroin. This certified transcript also confirms that Appellant was observed selling heroin to the confidential informant on at least three occasions. Given this record, we agree with the trial court that the Commonwealth established, by a preponderance of the evidence, a substantial nexus between Appellant's unlawful drug activities and the $1,793.00 in cash, such that forfeiture was proper. Therefore, even if Appellant had properly filed a concise statement and his issues were not waived, we would conclude that he is not entitled to relief.

Accordingly, because Appellant failed to file a concise statement with the trial court in accordance with Pa.R.A.P. 1925(b), his appeal is quashed.

_____
PATRICIA A. McCULLOUGH, Judge


Senior Judge Pellegrini concurs in result only.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :    No. 1257 C.D. 2015
    v.     :
    :
$1793.00 in cash     :
    :
Appeal of: Cedric Daniels     :

## ***ORDER***

AND NOW, this 2nd day of May, 2016, the appeal of Cedric Daniels is hereby quashed.

_____
PATRICIA A. McCULLOUGH, Judge