IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Marietta                        :
                                           :
        v.                                 : No. 669 C.D. 2022
                                           : Submitted: June 3, 2025
Harold Altland,                            :
                          Appellant        :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  August 26, 2025


        Harold Altland (Altland), *pro se*, appeals the order of the Court of Common
Pleas of Lancaster County (Common Pleas), dated February 28, 2022, which granted
summary judgment against him and in favor of the Borough of Marietta (Borough)
in the Borough's action alleging Altland failed to correct property maintenance code
violations on his property (Property).  After careful review, we vacate and remand.

## BACKGROUND

        The Borough filed a complaint against Altland on March 29, 2021, alleging
the Property was in violation of its property maintenance code.  The Borough alleged
its zoning officer sent letters to Altland, followed by an enforcement notice, deeming
the Property in violation of Section 302.1 of the property maintenance code[1] because

---

[1] The Borough averred it enacted the International Property Maintenance Code.  Section 255-1 of
the Borough Code, available at https://ecode360.com/35072240 (last visited Aug. 25, 2025), states
**(Footnote continued on next page…)**

of an "over abundance [sic] of trash and two trailers with trash and junk, etc." and a vehicle parked on the grass. Reproduced Record (R.R.) at 13. The Borough alleged Altland did not file an appeal to the Zoning Hearing Board and had not cleaned up the Property other than by removing the vehicle from the grass. The Borough sought civil penalties and attorney's fees and costs. In addition, the Borough requested that Common Pleas permanently enjoin Altland from violating the property maintenance code and direct him to bring the Property into compliance.

Altland filed a *pro se* answer and motion to dismiss on May 3, 2021. Altland contended, among other things, that the photographs of the Property attached to the Borough's complaint were old and outdated, and that he was making improvements to the Property. The Borough filed a reply on June 7, 2021, denying its photographs were old or outdated and asserting the Property remained in violation of the property maintenance code.

The Borough filed a motion for summary judgment on February 1, 2022. The Borough argued Altland failed to produce evidence of repairs made to the Property. Moreover, the Borough argued its zoning officer inspected the Property in Altland's presence on July 12, 2021, and observed violations of the property maintenance code alleged in its complaint remained uncorrected. The Borough attached photographs of the Property, purportedly taken during the inspection.

By order dated February 28, 2022, Common Pleas granted summary judgment in favor of the Borough. Common Pleas directed the prothonotary to enter judgment against Altland in the amount of $21,300 plus costs, including reasonable attorney's

_____

the Borough enacted the 2015 edition of the International Property Maintenance Code, available at https://codes.iccsafe.org/content/IPMC2015 (last visited Aug. 25, 2025). Section 302.1 provides: "Exterior property and premises shall be maintained in a clean, safe and sanitary condition. The occupant shall keep that part of the exterior property that such occupant occupies or controls in a clean and sanitary condition." *Id.* (emphasis omitted).

fees, and directed Altland to clean up the Property to bring it into compliance with the property maintenance code within 30 days.

Altland filed a *pro se* answer and motion to dismiss on March 1, 2022. Altland contended the Borough's photographs were misdated and did not show recent repairs to the Property. Moreover, Altland contended the Borough obtained the photographs by trespassing and was engaged in selective enforcement because other properties in the Borough had similar defects or were used similarly to his. Altland attached his own photographs, allegedly showing improvements to the Property and explaining its condition, and copies of the Borough's photographs with added notations arguing why the matters depicted should not be held against him.[2]

Altland timely appealed on March 24, 2022. By order dated August 3, 2022, Common Pleas directed Altland to file a concise statement of errors complained of on appeal within 21 days, explaining Altland did not previously receive notice that he should file a concise statement because of a "docketing error." Order, 8/3/22. By order dated August 25, 2022, Common Pleas asserted Altland failed to file a concise statement and waived his issues on appeal.

### DISCUSSION

We begin with Common Pleas' conclusion that Altland waived his issues by failing to file a concise statement of errors complained of on appeal. Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), permits a judge to enter an order directing the appellant to file a concise statement within at least 21 days if the judge desires clarification of the issues on appeal. The appellant must concurrently

---

[2] For example, Altland attached a photograph showing the downspout on one side of the building on the Property reconnected, with the explanation that the downspout was disconnected previously to remove vines about which the Borough had complained. R.R. at 63-64.

3

serve the judge with his or her concise statement. Pa.R.A.P. 1925(b)(1). Issues not raised in the concise statement are waived. Pa.R.A.P. 1925(b)(4)(vii).

Review of the original record reveals Altland filed a document on August 23, 2022, entitled "Answer Motion to Dismiss Additional Information," within 21 days of the order directing him to file a concise statement, dated August 3, 2022. Altland asserted that the Borough's photographs were misdated, and that he made repairs to the Property but was unable to present his defense to Common Pleas. Moreover, the original record includes a certificate of service indicating Altland attempted to serve Common Pleas by mail. Given Altland's status as a *pro se* litigant, we will liberally construe this document as a timely filed and served concise statement.[3] *See Boulin v. Brandywine Senior Care, Inc. (Workers' Comp. Appeal Bd.)*, 307 A.3d 845, 856 (Pa. Cmwlth. 2024) (quoting *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023)) (explaining courts may liberally construe filings by a *pro se* litigant, but "*pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading").

Turning to the merits, we review an order granting summary judgment for an error of law or abuse of discretion. *Balentine v. Chester Water Auth.*, 191 A.3d 799, 803 n.3 (Pa. 2018). A court should grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact

---

[3] We also note Common Pleas' August 3, 2022 order violated Rule 1925(b)(3)(iii) by not including "the place the appellant can serve the [concise s]tatement in person and the address to which the appellant can mail the [concise s]tatement." Pa.R.A.P. 1925(b)(3)(iii); *see also Commonwealth v. Matsinger*, 68 A.3d 390, 395 (Pa. Cmwlth. 2013) (holding the appellant did not waive his issues by failing to directly serve the trial judge with his concise statement because, in relevant part, the trial judge failed to comply with a prior version of Pa.R.A.P. 1925(b)(3)(iii), which "deprived [the appellant] of critical information regarding the proper method for filing and service of his [concise s]tatement").

and that the moving party is entitled to judgment as a matter of law." *Sellers v. Twp. of Abington*, 106 A.3d 679, 684 (Pa. 2014) (quoting *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010)).  We review the original record "in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Howarth v. Falls Twp.*, 310 A.3d 336, 343 (Pa. Cmwlth. 2024) (quoting *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 195 (Pa. 2007)).

Altland maintains Common Pleas could not grant summary judgment merely because he failed to file a response to the Borough's motion.  Altland's Br. at 10-11.  In addition, Altland argues the Borough relied on outdated evidence in support of its motion and describes Common Pleas' decision as a violation of his procedural and substantive due process rights.  *Id.* at 11-13.  Altland argues he has photographs and video evidence contradicting the Borough's claims and showing Borough personnel trespassing on the Property.  *Id.* at 9.

Under Rule 1035.3 of the Pennsylvania Rules of Civil Procedure, a court may grant a motion for summary judgment for failure to respond:

> (a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response **within thirty days** after service of the motion identifying

> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

> (b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to

5

the motion and any action proposed to be taken by the party to present such evidence.

(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

(d) Summary judgment may be entered against a party who does not respond.

(e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.

(2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in a written opinion or on the record.

Pa.R.Civ.P. 1035.3 (emphasis added). Nevertheless, even if a nonmoving party fails to file a response, summary judgment should not be granted unless the moving party "clearly dispels the existence of any genuine material factual issue." *Commonwealth v. One Mack Dump Truck*, 743 A.2d 542, 544 (Pa. Cmwlth. 1999).

As we summarized above, the Borough filed a motion for summary judgment on February 1, 2022. Common Pleas granted the motion less than 30 days later, by order dated February 28, 2022. Altland then filed his answer and motion to dismiss on March 1, 2022, after Common Pleas had already granted summary judgment but within the 30 days Rule 1035.3(a) provided to file a response. Among other things, Altland challenged the Borough's assertion that the Property was noncompliant with its property maintenance code and attached his own photographs allegedly showing improvements to the Property and explaining its condition.

Thus, the record reflects Common Pleas violated Rule 1035.3(a) by failing to provide Altland with a minimum of 30 days to file a response and granting summary

6

judgment without considering the response Altland timely filed. We conclude under these circumstances that the best course of action is to vacate the February 28, 2022 order granting summary judgment and remand for further proceedings. On remand, Common Pleas shall consider Altland's answer and motion to dismiss before ruling on the Borough's motion for summary judgment. Common Pleas shall then enter a new order granting or denying summary judgment. *See Davies v. Se. Pa. Transp. Auth.*, 865 A.2d 290, 295 (Pa. Cmwlth. 2005) (vacating and remanding because the lower court did not provide the appellant 30 days to respond to a motion for summary judgment based on local rule).[4]

## CONCLUSION

For the foregoing reasons, we vacate Common Pleas' February 28, 2022 order granting summary judgment and remand for further proceedings consistent with this decision.

_____

STACY WALLACE, Judge

---

[4] The Borough filed a praecipe for disposition of its motion for summary judgment on February 25, 2022, only 24 days after filing and serving the motion, which may have contributed to Common Pleas' error.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Borough of Marietta | : |
| | : |
| | : |
| v. | : No. 669 C.D. 2022 |
| | : |
| Harold Altland, | : |
| Appellant | : |

**O R D E R**

**AND NOW**, this 26th day of August 2025, the order of the Court of Common Pleas of Lancaster County (Common Pleas), dated February 28, 2022, is **VACATED**, and the case is **REMANDED** consistent with the foregoing decision. Common Pleas is directed to consider Harold Altland's answer and motion to dismiss filed March 1, 2022, before ruling on the Borough of Marietta's motion for summary judgment and to enter a new order granting or denying summary judgment within 45 days of the date of this decision.

Jurisdiction relinquished.

_____
STACY WALLACE, Judge